1

2

3  # UNITED STATES DISTRICT COURT

4  ### EASTERN DISTRICT OF CALIFORNIA

5

6  KENNETH LEUELU,                           Case No.  1:24-cv-00031-BAM (PC)

7          Plaintiff,                        ORDER DENYING MOTION TO APPOINT
                                             OF COUNSEL
8      v.
                                             (ECF No. 13)
9  PAUL, *et al.*,

10         Defendants.

11

12         Plaintiff Kenneth Leuelu ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma*

13  *pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  The complaint was screened on

14  April 26, 2024.  (ECF No. 11.)

15         Currently before the Court is Plaintiff's motion to appoint counsel, filed May 13, 2024.

16  (ECF No. 13.)  Plaintiff requests appointment of counsel because he does not have money to pay

17  for a lawyer.  Plaintiff states that he does not know about law and has trouble understanding the

18  language and needs help.  Plaintiff has contacted law firms asking for counsel and was denied.

19  Plaintiff also states that he has medical transcripts to support his claim and requests direction

20  about whether to send them now or wait.  (*Id.*)

21         With respect to Plaintiff's medical transcripts, Plaintiff is informed that he does not need

22  to submit evidence at this stage.  If this action reaches a stage at which the submission of

23  evidence is necessary and appropriate (for example, summary judgment or at trial), Plaintiff will

24  have the opportunity at that time to submit his evidence.  The Court will not serve as storage for a

25  party's evidence.  If Plaintiff submits evidence that is not related to a current issue before the

26  Court, the evidence may be returned to Plaintiff or destroyed.

27         As to Plaintiff's request for counsel, Plaintiff is informed that he does not have a

28  constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525

1

1   (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the

2   court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).

3   *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989).  However, in

4   certain exceptional circumstances the court may request the voluntary assistance of counsel

5   pursuant to section 1915(e)(1).  *Rand*, 113 F.3d at 1525.

6        Without a reasonable method of securing and compensating counsel, the Court will seek

7   volunteer counsel only in the most serious and exceptional cases.  In determining whether

8   "exceptional circumstances exist, a district court must evaluate both the likelihood of success on

9   the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the

10  complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

11       The Court has considered Plaintiff's request, but does not find the required exceptional

12  circumstances.  Even if it is assumed that Plaintiff has made serious allegations which, if proved,

13  would entitle him to relief, his case is not exceptional.  This Court is faced with similar cases filed

14  almost daily by prisoners who must litigate their cases without the assistance of counsel.

15       Furthermore, at this stage in the proceedings, the Court cannot make a determination that

16  Plaintiff is likely to succeed on the merits.  Plaintiff's complaint was screened and found to state a

17  cognizable claim.  However, this does not indicate a likelihood of success on the merits.  Finally,

18  based on a review of the record in this case, the Court does not find that Plaintiff cannot

19  adequately articulate his claims.

20       Accordingly, Plaintiff's motion to appoint counsel, (ECF No. 13), is HEREBY DENIED,

21  without prejudice.

22

23  IT IS SO ORDERED.

24    Dated:  **May 15, 2024**          /s/ *Barbara A. McAuliffe*

25                                 UNITED STATES MAGISTRATE JUDGE

26

27

28