# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH LEUELU,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>PAUL, *et al.*,<br><br>　　　　　Defendants. | Case No. 1:24-cv-00031-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS<br><br>(ECF Nos. 1, 12)<br><br>**FOURTEEN (14) DAY DEADLINE** |

**I.	Background**

Plaintiff Kenneth Leuelu ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On April 26, 2024, the Court screened Plaintiff's complaint and found that Plaintiff stated a cognizable claim against Defendant Steven Paul for deliberate indifference to medical care in violation of the Eighth Amendment for Defendant's post-surgery care, but failed to state any other cognizable claims for relief against any other defendant. (ECF No. 11.) The Court ordered Plaintiff to either file a first amended complaint or notify the Court of his willingness to proceed only on the cognizable claims identified by the Court. (*Id.*) On May 13, 2024, Plaintiff filed a notice that he does not wish to file an amended complaint, and is agreeable only on the cognizable claim against Defendant Paul identified by the Court. (ECF No. 12.)

1

**II.     Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**A.     Allegations in Complaint**

Plaintiff is currently housed at Corcoran State Prison. The events in the complaint allegedly arose in Kern Valley State Prison ("KVSP"). Plaintiff names the following defendants: (1) Steven Paul, oral surgeon, (2) Chris Chung, dentist; (3) Tadros Tarek, dentist; and (4) Kern Valley State Prison.

In claim 1, Plaintiff alleges denial of medical care.

> Nither [sic] doctors prescribed me any antibiotic medications after my surgery which cause [sic] great pain and high infection. They should have prescribed antibiotics after surgery to prevent infection. Osteomylytis (bone/infection) and "sepsis". I had surgery on 11-22-22 at KVSP-CTC by Dr. Paul and was admitted to

2

outside hospital on 11/27-22 for osteomylytis (bone infection) and "sepsis." I was at outside hospital over 2 weeks Adventist Heath Delano then transferred to Bakersfield Hospital for bone/infection treatment. Had to have surgery for infection then had to continue treatment for 'pick line' another 28 days to continue bone infection treatment through pick line in left arm for IV. Lost weight because couldn't chew and suffered from pain. Dr. Paul, Steven who did surgery on me at KVSP-CTC (biopsy) and removed abscess, was [unintelligible] tooth and jaw bone is under contract with KVSP to medically treat inmates at KVSP.

Plaintiff alleges that by not prescribing antibiotics after surgery to prevent infection, Plaintiff got a very bad infection and was greatly in pain. Plaintiff was hospitalized for osteomyelitis (bone infection) and sepsis.

In claims 2 and 3, Plaintiff alleges that "nither doctor" prescribe any antibiotics after surgery resulting in Plaintiff being hospitalized for osteomyelitis (bone infection) and sepsis.

As remedies, Plaintiff seeks damages.

**B.  Discussion**

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8, and fails to state a cognizable claim under 42 U.S.C. § 1983, except as to Defendant Steven Paul.

**1.  Federal Rule of Civil Procedure 8**

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–57; *Moss*, 572 F.3d at 969.

Although Plaintiff's complaint is short, it is not a plain statement of his claims. As a basic matter, the complaint does not clearly state what happened, when it happened or who was involved. Plaintiff should state what each defendant did that allegedly violated his constitutional rights. Plaintiff does not state what Defendants Chung and Tarek did which violated his rights.

///

3

**2.      Linkage Requirement**

Section 1983 of the Civil Rights Act requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, (1978); *Rizzo v. Goode,* 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Plaintiff fails to link Chris Chung or Tadros Tarek to any alleged wrongdoing. Plaintiff has not alleged either Defendant's role or conduct in the surgery or post-surgery care.

**3.      Eleventh Amendment**

Plaintiff has named KVSP as a defendant. "The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." *Aholelei v. Dep't of Public Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007). Indeed, the Eleventh Amendment prohibits federal courts from hearing a Section 1983 lawsuit in which damages or injunctive relief is sought against a state, its agencies (such as CDCR) or individual prisons, absent "a waiver by the state or a valid congressional override. . . ." *Dittman v. California*, 191 F.3d 1020, 1025 (9th Cir. 1999). "The Eleventh Amendment bars suits which seek either damages or injunctive relief against a state, 'an arm of the state,' its instrumentalities, or its agencies." *See Fireman's Fund Ins. Co. v. City of Lodi, Cal.*, 302 F.3d 928, 957 n.28 (9th Cir. 2002) (internal quotation and citations omitted), cert. denied, 538 U.S. 961 (2003). "The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court. . . ." *Dittman*, 191 F.3d at 1025–26 (citing *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241 (1985)); *see also Brown v. Cal. Dep't. of Corrs.*, 554 F.3d 747, 752 (9th Cir. 2009) (finding California Department of Corrections and California Board of Prison Terms entitled to Eleventh Amendment immunity).

As KVSP is immune under the Eleventh Amendment, Plaintiff cannot pursue claims for damages or injunctive relief against the State or KVSP in this action. Plaintiff's claim for

monetary damages also is barred by the Eleventh Amendment.

### 4. Deliberate Indifference to Serious Medical Needs

Prison officials violate the Eighth Amendment if they are "deliberate[ly] indifferen[t] to [a prisoner's] serious medical needs." *Estelle v. Gamble,* 429 U.S. 97, 104 (1976). "A medical need is serious if failure to treat it will result in ' "significant injury or the unnecessary and wanton infliction of pain." ' " *Peralta v. Dillard*, 744 F.3d 1076, 1081–82 (2014) (quoting *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by *WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc)).

To maintain an Eighth Amendment claim based on medical care in prison, a plaintiff must first "show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Second, the plaintiff must show the defendants' response to the need was deliberately indifferent." *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (quoting *Jett*, 439 F.3d at 1096 (quotation marks omitted)).

"Indications that a plaintiff has a serious medical need include the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic or substantial pain." *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (citation and internal quotation marks omitted); accord *Wilhelm*, 680 F.3d at 1122; *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000).

Deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.' " *Farmer v. Brennan*, 511 U.S. 825, 835 (1994) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)). Deliberate indifference is shown where a prison official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847. Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be

aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.' " *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Plaintiff states a serious medical need in that he needed oral surgery on a tooth.

Liberally construing the allegations, Plaintiff states a cognizable claim against Defendant Steven Paul for post-surgery care.

However, Plaintiff fails to allege a cognizable claim against Defendant Chung or Defendant Tarek. Plaintiff does not include any factual support of their conduct in either the surgery or post-surgery care. Plaintiff will be granted leave to amend.

### III. Conclusion and Recommendations

Based on the above, the Court finds that Plaintiff's complaint states a cognizable claim against Defendant Steven Paul for deliberate indifference to medical care in violation of the Eighth Amendment for Defendant's post-surgery care. However, Plaintiff's complaint fails to state any other cognizable claims against any other defendants.

Accordingly, the Clerk of the Court is DIRECTED to randomly assign a District Judge to this action.

Furthermore, it is HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's complaint, filed January 8, 2024, (ECF No. 1), against Defendant Steven Paul for deliberate indifference to medical care in violation of the Eighth Amendment for Defendant's post-surgery care; and
2. All other claims and defendants be dismissed based on Plaintiff's failure to state claims upon which relief may be granted.

\* \* \*

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, as required by 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections

with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 16, 2024**                    /s/ *Barbara A. McAuliffe*
                                                            UNITED STATES MAGISTRATE JUDGE