# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH LEUELU,<br><br>    Plaintiff,<br><br>    v.<br><br>PAUL, *et al.*,<br><br>    Defendants. | Case No. 1:24-cv-00031-KES-BAM (PC)<br><br>ORDER PROVIDING DEFENDANT PAUL WITH THE OPPORTUNITY TO SHOW GOOD CAUSE FOR FAILING TO WAIVE SERVICE<br><br>(ECF No. 32)<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff Kenneth Leuelu ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds against Defendant Steven Paul ("Defendant") for deliberate indifference to medical care in violation of the Eighth Amendment for Defendant's post-surgery care.

On December 2, 2024, the Court directed E-Service on Defendant. (ECF No. 27.) The Marshal was directed to attempt to secure a waiver of service before attempting personal service on a defendant. If a waiver of service was not returned by a defendant within sixty days, the Marshal was directed to effect personal service on the defendant in accordance with the provisions of Federal Rule of Civil Procedure 4 and 28 U.S.C. § 566(c), without prepayment of costs, and to file the return of service with evidence of any attempt to secure a waiver of service and with evidence of all costs subsequently incurred in effecting personal service.

///

On January 17, 2025, following an extension of time, the Court received information that Defendant could not be electronically served. (ECF No. 31.) On February 5, 2025, the United States Marshal filed a return of service USM-285 form showing charges of $232.80 for effecting personal service on Defendant. (ECF No. 32.) The form shows that on January 24, 2025, this matter was forwarded to the Central District of California ("C/CA") for personal service, and on February 4, 2025, process was personally served. (*Id.*) It is not clear from the USM-285 whether a waiver of service form was mailed to Defendant before personal service was attempted. (*Id.*)

Pursuant to the Court's Order, Defendant was required to return a waiver to the United States Marshal—if one was sent and received—and the filing of an answer or a motion does not relieve them of this obligation. Defendant did not return a waiver, which resulted in the execution of personal service on February 4, 2025. (*Id.*)

Defendant filed an answer on February 25, 2025. (ECF No. 34.)

Rule 4 provides that "[a]n individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons." Fed. R. Civ. P. 4(d)(1). "If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant . . . the expenses later incurred in making service. . . ." Fed. R. Civ. P. 4(d)(2)(A).

As it is unclear whether Defendant was given the opportunity required by Rule 4(d)(1) to waive service and then failed to return the waiver to the United States Marshal, the Court shall provide Defendant with the opportunity to show good cause for failing to waive service. If Defendant either fails to respond to this order or responds but fails to show good cause, the costs incurred in effecting service shall be imposed.

Accordingly, it is HEREBY ORDERED that:

1. Defendant may, within **thirty (30) days** from the date of service of this order, **either**:
   a. Show good cause in writing for failing to waive service; **or**
   b. Reimburse the **$232.80** in costs incurred in effecting personal service by sending payment to the United States Marshals Service at 501 I Street, Suite 5600,

Sacramento, California 95814, with the case number for this action clearly indicated; and

2. If Defendant fails to respond to this order or responds but fails to show good cause, the Court shall impose the costs incurred in effecting service.

IT IS SO ORDERED.

Dated: **February 26, 2025**     /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE