# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH LEUELU, | Case No. 1:24-cv-00031-KES-BAM (PC) |
| Plaintiff, | ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR MEDICAL RECORDS |
| v. | |
| PAUL, *et al.*, | (ECF No. 45) |
| Defendants. | |

Plaintiff Kenneth Leuelu ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds against Defendant Steven Paul ("Defendant") for deliberate indifference to medical care in violation of the Eighth Amendment for Defendant's post-surgery care.

**I.    Plaintiff's Notices of Change of Address**

Between March 28, 2025, and April 22, 2025, Plaintiff has filed six notices of change of address. (ECF Nos. 40, 41, 43, 44, 45, 47.) In these notices, Plaintiff requests that the Court update his current address and respond regarding any orders he may have missed while in transit. (*See id.*)

With respect to Plaintiff's request for updates about his case, Plaintiff is advised that due to the large number of civil actions pending before the Court, the Court and the Clerk of the Court are unable to respond in writing to individual inquiries regarding the status of a case. As long as

1  Plaintiff keeps the Court apprised of his current address, he will receive all Court decisions which
2  might affect the status of his case. If Plaintiff wishes to receive confirmation that a specific
3  notice or motion has been received, he must submit an original and an extra copy of the filing and
4  provide the Court with a self-addressed stamped envelope with the correct postage. Plaintiff is
5  warned that filing duplicate notices of change of address or other motions is not an efficient use
6  of judicial resources and may lead to delays in his action.

7  Plaintiff is further informed that since the filing of his consent/decline to U.S. Magistrate
8  Judge jurisdiction on March 7, 2025, (ECF No. 39), the Court has issued only one order in this
9  action. That order was sent on April 11, 2025, and requires Defendant Paul to reimburse the
10 United States Marshal for costs incurred in effecting personal service. (ECF No. 42.) That order
11 does not require any action from Plaintiff.

12 **II.    Plaintiff's Motion for Medical Records**

13 On April 21, 2025, Plaintiff also filed a request for a court order to obtain pictures of x-
14 rays, MRI, and any other pictures the hospitals (Adventist Health Delano and Bakersfield) took of
15 Plaintiff's infection in his jawbone pertaining to this action. (ECF No. 45, p. 2.) Plaintiff states
16 that the prison and medical won't release these photos without a court order. (*Id.*)

17 Based on this filing, Plaintiff is requesting the issuance of third-party subpoenas
18 requesting the specified photographs and medical records for use in his case. Defendant has not
19 had an opportunity to file a response to Plaintiff's request, but the Court finds a response
20 unnecessary. The motion for medical records, construed as a motion for third-party subpoenas, is
21 deemed submitted. Local Rule 230(l).

22 Subject to certain requirements, Plaintiff is entitled to the issuance of a subpoena
23 commanding the production of documents from a non-party, Fed. R. Civ. P. 45, and to service of
24 the subpoena by the United States Marshal, 28 U.S.C. § 1915(d). However, the Court will
25 consider granting such a request only if the documents sought from the non-party are not equally
26 available to Plaintiff and are not obtainable from Defendant through a request for the production
27 of documents. Fed. R. Civ. P. 34. A request for the issuance of a records subpoena requires
28 Plaintiff to: (1) identify with specificity the documents sought and from whom, and (2) make a

showing that the records are only obtainable through that third party.

Plaintiff's instant request does not meet these requirements. Although Plaintiff has identified the photographs and medical records he seeks and from which medical facilities they may be obtained, Plaintiff has not established that these records are only obtainable through the specified third parties. Based on his motion, it does not appear that Plaintiff has made any effort to submit a discovery request directly to Defendant or defense counsel regarding the records at issue. Discovery in this action was opened on February 26, 2025, (ECF No. 35), and Plaintiff does not argue that he was unable to submit a discovery request directly to Defendant since that time.

Accordingly, Plaintiff's request for subpoenas shall be denied without prejudice. Plaintiff may renew his request for third-party subpoenas by filing a motion that: (1) sets forth the specific documents requested and from whom; (2) demonstrates that the documents are only obtainable through the third party; and (3) establish the relevance of the requested documents to any claim or defense.

**III.    Order**

Based on the foregoing, Plaintiff's motion for medical records, (ECF No. 45), is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **April 23, 2025**                    /s/ *Barbara A. McAuliffe*
                                                                       UNITED STATES MAGISTRATE JUDGE

3