# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH LEUELU,<br><br>            Plaintiff,<br><br>    v.<br><br>PAUL, *et al.*,<br><br>            Defendants. | Case No. 1:24-cv-00031-KES-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTIONS FOR DISCOVERY<br>(ECF Nos. 50, 51, 56, 59)<br><br>ORDER DENYING PLAINTIFF'S MOTIONS TO ADD WITNESSES AS PREMATURE<br>(ECF Nos. 53, 54, 55, 58, 61, 62)<br><br>ORDER CONSTRUING PLAINTIFF'S NOTICE TO THE COURT AS MOTION FOR PROTECTIVE ORDER AND DENYING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER<br>(ECF No. 52)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO USE EVIDENCE AS PREMATURE<br>(ECF No. 60)<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO AMEND<br>(ECF No. 57)<br><br>ORDER DIRECTING CLERK OF COURT TO SERVE PLAINTIFF COPY OF COMPLAINT<br>(ECF No. 1)<br><br>ORDER DIRECTING PLAINTIFF TO FILE FIRST AMENDED COMPLAINT<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff Kenneth Leuelu ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds against

1

Defendant Steven Paul ("Defendant") for deliberate indifference to medical care in violation of the Eighth Amendment for Defendant's post-surgery care.

Since the Court's last order on April 23, 2025, Plaintiff has submitted more than a dozen motions and notices regarding discovery, witnesses, and evidence. (ECF Nos. 49–62.) In the interest of judicial economy, the Court addresses relevant motions seeking similar types of relief together. Plaintiff is again advised that the filing of many motions requesting the same or similar types of relief is not an efficient use of judicial resources and may lead to delays in this action.

Defendants have not filed responses to any of Plaintiff's pending motions, and the deadlines to do so have expired. All pending motions are deemed submitted. Local Rule 230(l).

## I. Plaintiff's Motions for Discovery

Plaintiff's motions seeking production of certain discovery documents or evidence from the Court, or by way of Court order, (ECF Nos. 50, 51, 56, 59), are denied. Plaintiff is reminded that if he seeks to obtain documents or other evidence to use in his case, those discovery requests should be directed to and served on Defendant, not on the Court. Pursuant to the Court's February 26, 2025 discovery and scheduling order, "Discovery requests and responses shall not be filed with the Court unless required by Local Rules 250.2, 250.3 and 250.4." (ECF No. 35, p. 1.) If Plaintiff has already requested certain discovery documents from Defendant, Plaintiff is not required to submit the same discovery request to the Court unless there is a dispute about Defendant's discovery responses. (*Id.* at 2.)

To the extent Plaintiff seeks documents or evidence from a non-party to this action, Plaintiff is reminded that, subject to certain requirements, Plaintiff is entitled to the issuance of a subpoena commanding the production of documents from a non-party, Fed. R. Civ. P. 45, and to service of the subpoena by the United States Marshal, 28 U.S.C. § 1915(d). However, the Court will consider granting such a request only if the documents sought from the non-party are not equally available to Plaintiff and are not obtainable from Defendant through a request for the production of documents. Fed. R. Civ. P. 34. A request for the issuance of a records subpoena requires Plaintiff to: (1) identify with specificity the documents sought and from whom, and (2) make a showing that the records are only obtainable through that third party. Accordingly,

1  Plaintiff may request issuance of third-party subpoenas by filing a motion that: (1) sets forth the
2  specific documents requested and from whom; (2) demonstrates that the documents are only
3  obtainable through the third party; and (3) establish the relevance of the requested documents to
4  any claim or defense.

5  After a review of the pending discovery motions before the Court, (ECF Nos. 50, 51, 56,
6  59), it does not appear that Plaintiff has submitted his discovery requests to Defendant directly, or
7  demonstrated that any of the requested materials are only available through a third party.
8  Therefore, the motions are denied.

9  **II.     Plaintiff's Requests to Add Witnesses**

10  Plaintiff next submits several requests to add witnesses to his "witness list." (ECF Nos.
11  53, 54, 55, 58, 61, 62.)  Although not entirely clear based on Plaintiff's motions, it appears these
12  are individuals Plaintiff wishes to testify at trial in support of his claim.  These motions are
13  premature.  If this case proceeds to a trial on Plaintiff's claim against Defendant, the Court will
14  issue an order setting forth the relevant deadlines and requirements for calling witnesses at trial.
15  At this time, there is no "witness list" to which these individuals can be added.

16  To the extent Plaintiff is requesting that the Court issue subpoenas so the identified
17  witnesses can be compelled to attend a deposition, Plaintiff is reminded that he must comply with
18  the requirements of Federal Rules of Civil Procedure 30 and 45.  (*See* ECF No. 35, p. 2.)

19  **III.    Plaintiff's Motion for Protective Order**

20  Plaintiff submitted a "notice" to the Court that he had received legal mail from
21  Defendant's lawyer requesting that he send them evidence, names of witnesses, photos, x-rays,
22  economic damages, etc. (ECF No. 52.)  Plaintiff states that he is confused because he does not
23  believe that he was told to produce evidence until the Court told him to do so, and he believes
24  Defendant's lawyers are setting him up to mess up and violate the rules.  Plaintiff also states that
25  he only has one copy of all his evidence to prove his claims, so he wrote to Defendant's lawyers
26  to tell them that all of his medical records in this case are in his CDCR medical files and can be
27  accessed that way.  Plaintiff filled out a CDCR 7385 form to release his medical file to this
28  particular case and gave his authorization to release it and send it to Defendant's lawyer's

1  address, and Plaintiff states that he is not refusing to give them evidence. Plaintiff requests help
2  or instruction from the Court. (*Id.*)

3  Although filed as a notice, to the extent Plaintiff is requesting that he not be required to
4  respond to Defendant's discovery requests, the Court finds it appropriate to construe Plaintiff's
5  filing as a motion for protective order, and to deny Plaintiff's motion. Pursuant to Federal Rule of
6  Civil Procedure 26(c), a party from whom discovery is sought may move for a protective order in
7  the court where the action is pending. The court may, for good cause, issue an order to protect a
8  party from annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P.
9  26(c). Options available to the court include, among other things, forbidding the disclosure or
10 discovery, forbidding inquiry into certain matters or limiting the scope of disclosure or discovery
11 to certain matters. *Id.*

12 District courts have broad discretion to determine whether a protective order is
13 appropriate and, if so, what degree of protection is warranted. *Seattle Times Co. v. Rhinehart*,
14 467 U.S. 20, 36 (1984); *see also Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d
15 1206, 1211–12 (9th Cir. 2002) (finding that the law gives district courts broad latitude to grant
16 protective orders to prevent disclosure of materials for many types of information). The party
17 seeking to limit discovery has the burden of proving "good cause," which requires a showing
18 "that specific prejudice or harm will result" if the protective order is not granted. *In re Roman*
19 *Catholic Archbishop of Portland*, 661 F.3d 417, 424 (9th Cir. 2011) (citing *Foltz v. State Farm*
20 *Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003)); *Westmoreland v. Regents of the Univ.*
21 *of Cal.*, No. 2:17-cv-01922-TLN-AC, 2019 WL 932220, at *3 (E.D. Cal. Feb. 26, 2019).

22 Plaintiff is reminded that the Court's February 26, 2025 discovery and scheduling order
23 and Federal Rule of Civil Procedure 37 require that the parties act in good faith during the course
24 of discovery. (ECF No. 35, pp. 1–2.) This includes providing responses to written discovery
25 requests for information or production of documents, or objections to each request, stated with
26 specificity. Fed. R. Civ. P. 33, 34. In light of the information provided, Plaintiff's motion does
27 not provide good cause for limiting Defendant's discovery requests. Plaintiff clarifies that he
28 does not seek to withhold evidence from Defendant, but rather that he only has one copy of all his

4

1  evidence and feels that he is being set up by Defendant's lawyers to mess up and violate the rules.
2  Plaintiff also has attempted to authorize Defendant's lawyers to access his medical records and
3  evidence through Plaintiff's central file.
4      The Court clarifies that Plaintiff is not required to send his only copies to Defendant, but
5  should make a good faith effort to make copies or otherwise produce the requested documents to
6  Defendant, as Plaintiff has already attempted to do.  Based on the current information before the
7  Court, it appears a protective order is not necessary at this time, and Plaintiff's motion is denied.
8      To the extent Plaintiff is requesting help or advice from the Court regarding discovery
9  procedures, Plaintiff is reminded that the Court cannot provide legal advice.  Plaintiff is otherwise
10 reminded that, although he is proceeding *pro se* in this action, he remains responsible for
11 complying with the Court's orders and familiarizing himself with the applicable federal and local
12 rules.  (*See* ECF No. 35.)

13 **IV.    Plaintiff's Motion to Use Evidence**

14     Plaintiff also filed a motion on June 23, 2025 seeking permission to use evidence of his
15 biopsy surgery from 2018, in addition to other medical records in Plaintiff's possession.  (ECF
16 No. 60.)
17     Plaintiff's motion is denied.  Plaintiff is reminded that the Court will not serve as storage
18 for the parties' evidence, and Plaintiff should not file evidence with the Court until the course of
19 litigation brings the evidence into question.  If this action reaches a juncture at which the
20 submission of evidence is appropriate and necessary (e.g., summary judgment or trial), Plaintiff
21 will have the opportunity at that time to submit his evidence.

22 **V.     Plaintiff's Motion to Amend**

23     Finally, on May 21, 2025, Plaintiff filed a motion to amend the complaint to add injuries,
24 specifically "acute kidney injury" and "tachycardic and hypotensive," along with the existing
25 injuries of "sepsis" and "osteomyelitis (bone infection)" already listed in the complaint.  (ECF
26 No. 57.)  Plaintiff did not file a proposed amended complaint, and Defendant did not file an
27 opposition or otherwise respond to Plaintiff's motion within the applicable deadline.
28 ///

5

1  Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's
2  pleading once as a matter of course at any time before a responsive pleading is served.
3  Otherwise, a party may amend only by leave of the court or by written consent of the adverse
4  party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). "Rule 15(a)
5  is very liberal and leave to amend shall be freely given when justice so requires."
6  *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (citation and
7  quotation omitted). However, courts "need not grant leave to amend where the amendment:
8  (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in
9  litigation; or (4) is futile." *Id.*

10  As Defendant has filed an answer in this action, Plaintiff may amend only by written
11  consent of Defendant or by leave of Court. In considering the relevant factors, the Court finds no
12  evidence of prejudice, bad faith, undue delay in litigation, or futility. Plaintiff states that he is
13  adding additional injuries, and Plaintiff's motion was filed before the May 26, 2025 deadline to
14  file motions to amend the pleadings. In light of these findings, and Defendant's waiver of any
15  opposition,[1] Plaintiff's motion to amend is granted. However, Plaintiff may not file a separate
16  document that adds facts or injuries to an existing complaint. Rather, Plaintiff must file a first
17  amended complaint that is one complete document.

18  Plaintiff's first amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state
19  what each named defendant did that led to the deprivation of Plaintiff's constitutional rights,
20  *Iqbal*, 556 U.S. at 678-79. Although accepted as true, the "[f]actual allegations must be
21  [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555
22  (citations omitted).

23  Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated
24  claims in his first amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no
25  "buckshot" complaints).

---

[1] Pursuant to the Court's February 26, 2025 discovery and scheduling order, "Unless otherwise ordered, all . . . motions pursuant to Federal Rules of Civil Procedure 7, 11, 12, 15, 41, 55, 56, 59 and 60 . . . shall be briefed pursuant to Local Rule 230(l). Failure to timely oppose such a motion may be deemed a waiver of opposition to the motion. L.R. 230(l)." (ECF No. 35, p. 3.)

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. This includes any exhibits or attachments Plaintiff wishes to incorporate by reference.

## VI.    Order

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motions for discovery, (ECF Nos. 50, 51, 56, 59), are DENIED;
2. Plaintiff's motions to add witnesses, (ECF Nos. 53, 54, 55, 58, 61, 62), are DENIED as premature;
3. Plaintiff's May 1, 2025 notice to the Court, (ECF No. 52), is CONSTRUED as a motion for protective order;
4. Plaintiff's motion for protective order, (ECF No. 52), is DENIED;
5. Plaintiff's motion to use evidence, (ECF No. 60), is DENIED as premature;
6. Plaintiff's motion to amend, (ECF No. 57), is GRANTED;
7. The Clerk's Office shall send to Plaintiff:
    a. A complaint form; and
    b. A copy of the January 8, 2024 complaint, (ECF No. 1);
8. Plaintiff's first amended complaint is due within **thirty (30) days** from the date of service of this order; and
9. **If Plaintiff fails to file a first amended complaint in compliance with this order, this action will proceed on the January 8, 2024 complaint.**

IT IS SO ORDERED.

Dated:   **August 4, 2025**                    /s/ *Barbara A. McAuliffe*
                                                                   UNITED STATES MAGISTRATE JUDGE

7