1
2
3
4
5
6
7
8  **UNITED STATES DISTRICT COURT**
9  EASTERN DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| 11  KENNETH LEUELU, | Case No.  1:24-cv-00031-KES-BAM |
| 12             Plaintiff, | ORDER GRANTING DEFENDANT'S MOTION TO AMEND SCHEDULING ORDER AND ALLOW THE PARTIES ADDITIONAL TIME TO FILE DISPOSITIVE MOTIONS |
| 13       v. | |
| 14  PAUL, *et al.*, | |
| 15             Defendants. | (ECF No. 65) |
| 16 | **Dispositive Motion Deadline:  April 6, 2026** |
| 17 | |

18       Plaintiff Kenneth Leuelu ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma*
19  *pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds against
20  Defendant Steven Paul ("Defendant") for deliberate indifference to medical care in violation of
21  the Eighth Amendment for Defendant's post-surgery care.
22       The Court issued a discovery and scheduling order on February 26, 2025.  (ECF No. 35.)
23  That order set the deadline for filing all dispositive motions (other than a motion for summary
24  judgment for failure to exhaust) for January 5, 2026.  (*Id.*)
25       Currently before the Court is Defendant's motion to extend the deadline to file a
26  dispositive motion by three months.  (ECF No. 65.)  Defendant asserts that good cause exists to
27  grant the request for an extension of time because, despite Defendant's diligence in attempting to
28  subpoena records and conduct discovery, Defendant has encountered roadblocks in identifying

1

and obtaining pertinent medical records. (*Id.*) Defendant explains that records were subpoenaed from Kern Valley State Prison, Corcoran State Prison, Adventist Health Delano, and Adventist Health Bakersfield in February 2025, but pertinent records from Plaintiff's treatment with Defendant were not obtained until December 2025. (*Id.* at 2.) Defendant asserts that due to the inability to obtain Plaintiff's pertinent medical records until December 2025, the defense has not had adequate time to obtain a record review and declaration/report from their expert, which will substantiate the basis for a dispositive motion. (*Id.*) Defendant further asserts that the discovery process has been slowed due to Plaintiff representing himself and his being incarcerated. (*Id.* at 3.)

Plaintiff has not yet had an opportunity to file a response, but the Court finds a response is unnecessary. The motion is deemed submitted. Local Rule 230(l).

Having considered the motion, the Court finds good cause to grant the requested extension of the dispositive motion deadline. Fed. R. Civ. P. 16(b)(4). The Court finds that Plaintiff will not be prejudiced by the extension granted here. No other deadlines are extended by this order. Further, no additional extensions of the dispositive motion to deadline will be granted absent a demonstrated showing of good cause.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Defendant's motion for an extension of time to file dispositive motion, (ECF No. 65), is GRANTED; and
2. The deadline for filing all dispositive motions (other than a motion for summary judgment for failure to exhaust) is extended from January 5, 2026, to **April 6, 2026.**
3. **No further extensions of the dispositive motion deadline will be granted absent a demonstrated showing of good cause**.

IT IS SO ORDERED.

Dated: __December 31, 2025__         /s/ *Barbara A. McAuliffe*         _
UNITED STATES MAGISTRATE JUDGE