# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH LEUELU,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>PAUL, *et al.*,<br><br>　　　　　Defendants. | Case No.  1:24-cv-00031-KES-BAM<br><br>ORDER REGARDING PLAINTIFF'S REQUEST TO DENY DEFENDANT'S MOTION TO AMEND SCHEDULING ORDER AND ALLOW THE PARTIES ADDITIONAL TIME TO FILE DISPOSITIVE MOTIONS<br><br>(ECF No. 67)<br><br>**Dispositive Motion Deadline:  April 6, 2026** |

Plaintiff Kenneth Leuelu ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds against Defendant Steven Paul ("Defendant") for deliberate indifference to medical care in violation of the Eighth Amendment for Defendant's post-surgery care.

The Court issued a discovery and scheduling order on February 26, 2025.  (ECF No. 35.) That order set the deadline for filing all dispositive motions (other than a motion for summary judgment for failure to exhaust) for January 5, 2026.  (*Id.*)

On December 30, 2025, Defendant filed a motion to extend the deadline to file a dispositive motion by three months.  (ECF No. 65.)  Defendant asserted that good cause existed to grant the request for an extension of time because, despite Defendant's diligence in attempting to subpoena records and conduct discovery, Defendant had encountered roadblocks in identifying

1

and obtaining pertinent medical records.  (*Id.*)  Defendant explained that records were subpoenaed from Kern Valley State Prison, Corcoran State Prison, Adventist Health Delano, and Adventist Health Bakersfield in February 2025, but pertinent records from Plaintiff's treatment with Defendant were not obtained until December 2025.  (*Id.* at 2.)  Defendant asserted that due to the inability to obtain Plaintiff's pertinent medical records until December 2025, the defense had not had adequate time to obtain a record review and declaration/report from their expert, which would substantiate the basis for a dispositive motion.  (*Id.*)  Defendant further asserted that the discovery process has been slowed due to Plaintiff representing himself and his being incarcerated.  (*Id.* at 3.)

On December 31, 2025, the Court granted the motion, extending the deadline for filing all dispositive motions (other than a motion for summary judgment for failure to exhaust) to April 6, 2026.  (ECF No. 66.)  The Court determined that Plaintiff would not be prejudiced by the extension because no other deadlines were extended, and no additional extensions of the deadline would be granted absent a demonstrated showing of good cause.  (*Id.*)

Currently before the Court is Plaintiff's request to deny Defendant's motion for a three-month extension of the dispositive motion deadline, filed January 12, 2026.  (ECF No. 67.) Plaintiff argues that the motion should not be granted because he believes the reasons for the requested continuance are false; that is, (1) Defendant claims to have hit roadblocks in getting Plaintiff's medical records, but Plaintiff knows they already have the records from past subpoenas sent to other prisons and because some of his records were in defense counsel's possession during depositions in September 2025; and (2) Defendant claims it is hard to communicate with Plaintiff in prison, but Plaintiff contends Defendant's lawyers can visit him anytime for legal reasons in person, by phone, or via Zoom.  (*Id.*)  Plaintiff asks the Court to hold Defendant to the deadline, noting that this case is gong on 3 years.  (*Id.*)

Plaintiff's request that the Court deny Defendant's motion to modify the dispositive motion deadline is moot.  As noted, the Court granted the motion on December 31, 2025.  (ECF No. 66.)  Insofar as Plaintiff seeks reconsideration of the Court's order granting the extension, Plaintiff has not presented grounds that would warrant reconsideration.

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted), and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . ." of that which was already considered by the Court in rendering its decision, *U.S. v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) (internal quotation marks and citation omitted). Additionally, pursuant to this Court's Local Rules, when filing a motion for reconsideration of an order, a party must show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 230(j).

Upon review, Plaintiff has not presented new evidence or identified any error that would warrant reconsideration. Plaintiff also has not identified any specific prejudice resulting from the brief extension of time, nor has Plaintiff addressed Defendant's contention that defense counsel only received certain of Plaintiff's pertinent medical records in December 2025, and did not have adequate time to obtain a record review and declaration from an expert prior to the then-current dispositive motion deadline.

Accordingly, IT IS HEREBY ORDERED as follows:

1.  Plaintiff's request to deny Defendant's motion for a three-month extension of the dispositive motion deadline, (ECF No. 67), is DENIED.

IT IS SO ORDERED.

Dated:  __**January 14, 2026**__          ___/s/ *Barbara A. McAuliffe*___
                                                  UNITED STATES MAGISTRATE JUDGE