# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

KENNETH LEUELU,

              Plaintiff,

    v.

PAUL, *et al.*,

              Defendants.

Case No.  1:24-cv-00031-KES-BAM (PC)

ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF EXPERT WITNESS

(ECF No. 78)

Plaintiff Kenneth Leuelu ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds against Defendant Steven Paul for deliberate indifference to medical care in violation of the Eighth Amendment for Defendant's post-surgery care.

Pursuant to the Court's February 26, 2025 discovery and scheduling order, the deadline for completion of all discovery, including filing all motions to compel discovery, was October 26, 2025.  (ECF No. 35.)

Currently before the Court is Plaintiff's motion for appointment of an expert witness, filed on April 14, 2026.  (ECF No. 78.)  Defendant has not yet had an opportunity to file a response to the motion, but the Court finds a response unnecessary.  The motion is deemed submitted.  Local Rule 230(l).

Federal Rule of Evidence 706 authorizes courts, within their discretion, to appointment of

1

a neutral, independent expert witness.  Fed. R. Evid. 706(a); *Walker v. Am. Home Shield Long Term Disability Plan*, 180 F.3d 1065, 1071 (9th Cir. 1999).  The appointment of such an expert witness may be appropriate when "scientific, technical, or other specialized knowledge will assist the trier-of-fact to understand the evidence or decide a fact in issue." *Ledford v. Sullivan*, 105 F.3d 354, 358–59 (7th Cir. 1997).

However, the statute authorizing a petitioner's *in forma pauperis* status does not authorize the expenditure of public funds for expert witnesses.  *See* 28 U.S.C. § 1915; *Tedder v. Odel*, 890 F.2d 210, 211–12 (9th Cir. 1989) (per curiam) (expenditure of public funds on behalf of indigent litigant is proper only when authorized by Congress); *Boring v. Kozakiewicz*, 833 F.2d 468, 474 (3d Cir. 1987) (no provision to pay fees for expert witnesses).  An indigent prisoner litigant must bear his or her own costs of litigation, including witnesses.  *See, e.g.*, *Tedder*, 890 F.2d at 211.

Furthermore, although a court may apportion costs for the expert witnesses among the parties, including apportionment of costs to one side, Fed. R. Evid. 706; *Ford ex rel. Ford v. Long Beach Unified School Dist.*, 291 F.3d 1086, 1090 (9th Cir. 2002); *Walker*, 180 F.3d at 1071, where the cost would likely be apportioned to the state, the court should exercise caution.

Plaintiff is requesting appointment of a medical expert witness in oral surgery to testify on his behalf and to prove his allegations against Defendant Paul at the summary judgment hearing.[1] (ECF No. 78.)  Plaintiff asserts that he is an indigent inmate and cannot afford to pay an expert witness.  He notes that the defense has an expert witness and queries how it is fair when he does not "have a expert witness to counter their expert's testimony." (*Id.*)  Plaintiff argues that due process entitles him to a fair trial.  (*Id.*)

Federal Rule of Evidence 706 does not contemplate court appointment and compensation of an expert witness as an advocate for Plaintiff.  *Brooks v. Tate*, No. 1:11-cv-01503 AWI-DLB PC. 2013 WL 4049043, *1 (E.D. Cal. Aug. 7, 2013) (denying appointment of medical expert on behalf of state prisoner in section 1983 action); *Gorrell v. Sneath*, No. 1:12-cv-0554-JLT, 2013

---

[1] The hearing on Defendant Paul's motion for summary judgment has been vacated.  (ECF No. 76.)  The motion for summary judgment will be submitted on the record without oral argument. (*Id.*)

WL 3357646, * 1 (E.D. Cal. Jul. 3, 2013) (explaining purpose of court-appointed expert is to assist the trier of fact, not to serve as an advocate for a particular party).  Moreover, Rule 706 is not a means to avoid the *in forma pauperis* statute and its prohibition against using public funds to pay for the expenses of witnesses.  *Manriquez v. Huchins*, No. 1:09-cv-00456-LJO-BAM PC, 2012 WL 5880431, * 12 (E.D. Cal. 2012).

Plaintiff argues that he is entitled to appointment of an expert witness to advocate on his behalf in opposing Defendant's motion for summary judgment.  Plaintiff is informed that Federal Rule of Evidence 706 does not permit the Court to appoint experts to represent Plaintiff in his case.  Thus, Plaintiff is not entitled to appointment of an expert witness on his behalf.  Further, there is no indication that a neutral expert will be required to assist the trier of fact in this matter.  Plaintiff's allegations are not so complicated as to require the appointment of an expert witness to assist the court and/or a jury.

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motion for appointment of an expert witness, (ECF No. 78), is DENIED.

IT IS SO ORDERED.

Dated:   **April 18, 2026**      /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE

3