# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

KENNETH LEUELU,

Plaintiff,

v.

PAUL, *et al.*,

Defendants.

Case No. 1:24-cv-00031-KES-BAM (PC)

ORDER DENYING PLAINTIFF'S MOTION TO COMPEL ADMISSIONS

(ECF No. 84)

## I. Background

Plaintiff Kenneth Leuelu ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds against Defendant Steven Paul for deliberate indifference to medical care in violation of the Eighth Amendment for Defendant's post-surgery care.

On February 26, 2025, the Court issued a Discovery and Scheduling Order, which set the deadline for completion of all discovery as October 26, 2025. (ECF No. 35.)

On April 2, 2026, Defendant filed a motion for summary judgment. (ECF No. 75.) The motion is fully briefed and remains pending.

On September 17, 2026, Plaintiff filed a motion to compel admissions. (ECF No. 84.) Defendant filed an opposition to the motion on September 24, 2026. (ECF No. 85.) Plaintiff replied on October 5, 2026. (ECF No. 86.) The motion is deemed submitted. Local Rule 230(l).

## II. Plaintiff's Motion to Compel

In his motion, Plaintiff submits ten requests for admissions to Defendant pursuant to Federal Rule of Civil Procedure 36. (ECF No. 84 at 2-6.) Plaintiff also requests that the Court compel Defendant to admit his questions. Plaintiff contends that Defendant did not respond to his first request for admissions sent to defense counsel on June 16, 2026. (*Id.* at 6.)

In opposition, Defendant argues that Plaintiff's motion is untimely, pointing out the October 26, 2025 deadline for the completion of discovery, including filing all motions to compel discovery. (ECF No. 85 at 1.) Defendant indicates that Plaintiff mailed requests for admission to defense counsel on June 22, 2026, which were received on June 29, 2026. (*Id.* at 2.) As the discovery requests were untimely by approximately 8 months, and Plaintiff had not requested an extension of time to serve discovery or file any discovery motions, Defendant did not respond. Defendant contends that Plaintiff does not assert any good cause to allow additional late discovery or any additional motions. (*Id.*)

In reply, Plaintiff asserts that he is naïve to law, he is doing this civil suit himself, and he has been housed in Ad-Seg since October 2024. (ECF No. 86 at 1.) Plaintiff claims he misunderstood the Court's timeline and the discovery deadline. He thought the discovery timeline was for all his evidence proving his civil suit against Defendant to be sent to the Court. He contends that he wrote to the Court asking if he had to send his evidence, but the Court responded and told him not to send any of his evidence and the Court would let him know if he had to. (*Id.*) Plaintiff reportedly found out from other inmates familiar with the law to file admissions to defense for Defendant to admit. (*Id.* at 2.) Plaintiff asserts that he sent Defendant Plaintiff's First Request for Admissions, but Defendant did not respond, so after 60 days he filed a motion for the Court to compel admissions. (*Id.*) Plaintiff further asserts that he answered every question at the deposition, which defense counsel used to file a motion for summary judgment. Plaintiff argues that defense lawyers do not want Defendant to answer the admissions because it proves everything he accuses Defendant of doing. (*Id.*)

## III. Discussion

Plaintiff's motion to compel is untimely. The deadline for the completion of all

discovery, including filing all motions to compel discovery, was October 26, 2025. (ECF No. 35.) Plaintiff claims a misunderstanding of the Court's discovery deadline, asserting that he thought it was for the submission of his evidence. However, the Court's Discovery and Scheduling Order expressly stated that the deadline for filing all motions to compel discovery was October 26, 2025, discovery motions will not be considered if filed after the deadline, and that discovery requests must be served at least forty-five (45) days before the discovery deadline to permit time for a response and time to prepare and file a motion to compel. (ECF No. 35 at 2-3.)

Plaintiff's *pro se* status does not excuse the untimely filing of his motion to compel. The Court previously informed Plaintiff that even though he was proceeding *pro se* in this action, he remained responsible for complying with the Court's orders and familiarizing himself with the applicable federal and local rules. (ECF No. 63 at 5.) "Pro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh,* 814 F.2d 565, 567 (9th Cir.1987), overruled on other grounds by *Lacey v. Maricopa County*, 693 F.3d 896 (9th Cir. 2012); *see also Lindstedt v. City of Granby*, 238 F.3d 933, 937 (8th Cir. 2000) ("A pro se litigant is bound by the litigation rules as is a lawyer, particularly . . . with the fulfilling of simple requirements of discovery.").

**IV. Conclusion and Order**

For the reasons stated, Plaintiff's motion to compel admissions (ECF No. 84) is HEREBY DENIED.

IT IS SO ORDERED.

Dated: **October 8, 2026**

/s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE